**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2018[*]
Decided June 14, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-3594

| | |
|---|---|
| HAROLD McKAY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:15-cv-01337 SMY-RJD |
| | |
| SHALIZA ODOM, et al., | Staci M. Yandle, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Harold McKay, a former Illinois prisoner, sued the prison's dental hygienist and her employer for violating the Eighth Amendment after a prison dentist did not promptly implant dentures to replace some extracted teeth. The district court granted the defendants' motion for summary judgment. On appeal McKay has abandoned any argument about the hygienist and has presented no evidence that her employer,

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Wexford Health Sources, condoned an unconstitutional dental policy. So we affirm the district court's judgment.

McKay first sought dental care from Dr. Elizabeth Brack, the prison's dentist, while he was imprisoned in Illinois in May 2014. Dr. Brack examined McKay, found that he had severe gum disease, and recommended extracting 11 teeth. She recalls telling him that he needed extensive restorative treatment before he could receive partial dentures and that she could not predict how long that treatment would take. McKay, in contrast, said that Dr. Brack assured him that he would receive partial dentures before his release date. For purposes of our summary-judgment review, we accept McKay's version. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017).

After Dr. Brack extracted McKay's teeth, he received several follow-up cleanings with Shaliza Odom serving as the dental hygienist. McKay repeatedly asked when he could get his dentures, and she reminded him that he needed to complete his restorative treatment first. Dr. Brack then found that McKay had some cavities that needed to be filled before implanting dentures, and she placed him on the waiting list for non-emergency fillings. At a later appointment, McKay pointed out that his release date was approaching, and he expressed his concern that he had not yet received his dentures. Dr. Brack replied that his health would not be in danger if he were released without dentures, but that he would need to find an outside dentist to complete his treatment. McKay filed two grievances about his treatment status, but they were dismissed. McKay was released in October 2015 without receiving dentures.

McKay sued Odom and Wexford (but not Dr. Brack) under 42 U.S.C § 1983. He alleged that they violated the Eighth Amendment by making him wait 16 months for partial dentures, during which time he could chew only on the right side of his mouth. In later moving for summary judgment, Odom argued that she had no control over the treatment plan put in place by Dr. Brack. Wexford argued that McKay failed to assert that any of its policies violated the Constitution. Agreeing with these arguments, the district judge entered summary judgment for Odom and Wexford. The judge added that even if Dr. Brack had been named as a defendant, she was not deliberately indifferent because McKay never reported pain or problems eating.

We review the grant of summary judgement de novo. *See Estate of Simpson*, 863 F.3d at 745. McKay does not question the district judge's analysis or cite any applicable legal authority. We could dismiss the appeal on this ground alone. *See* FED. R. APP. P. 28(a)(8)(A); *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013). But we have

reviewed the record de novo to assure ourselves that the district court's decision is sound. *See Estate of Simpson*, 863 F.3d at 745. And as we now explain, it is.

McKay's only argument is about Wexford. Section 1983 does not support a theory of respondeat-superior liability against an employer like Wexford. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014). McKay can proceed to trial against Wexford only if he supplied evidence that "his injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Id.* He has not supplied evidence that would support a finding that Wexford is liable. In response to the defendants' motion for summary judgment, McKay asserted in an affidavit only that he was not provided medical treatment for his gum disease at any of his nine appointments after his teeth were extracted. He does not mention any Wexford policy that motivated the conduct of Dr. Brack or any other Wexford employee.

Moreover, even though we have assumed that Dr. Brack told McKay that he would receive partial dentures before his release, that statement does not provide a basis for finding that Wexford is liable for a constitutional violation. Dr. Brack's prediction that she would implant dentures before McKay's release was, as later events (such as McKay's unexpected cavities) revealed, incorrect. But an incorrect prediction may at most suggest negligence, and negligence does not violate the Eighth Amendment. *See Duckworth v. Ahmad*, 532 F.3d 675, 679–80 (7th Cir. 2008). Furthermore even if Dr. Brack's incorrect prediction could make *her* liable, her single misstatement would not make Wexford culpable because "isolated acts of misconduct will not suffice" to establish an unconstitutional policy. *Palmer v. Marion Cty.*, 327 F.3d 588, 596 (7th Cir. 2003).

AFFIRMED